Filed 6/30/14  P. v. Dominguez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BRAULIO VEGA DOMINGUEZ,<br><br>        Defendant and Appellant. | H039879<br>(Santa Clara County<br>Super. Ct. No. C1243367) |

Defendant Braulio Vega Dominguez was granted probation after he pleaded no contest to two counts of lewd conduct with a child aged 14 or 15 (Pen. Code, § 288, subd. (c)(1)).[1]  The trial court imposed the sex offender probation conditions mandated by section 1203.067, subdivision (b).[2]  These probation conditions require defendant to successfully complete a sex offender management program, "waive any privilege against self-incrimination and participate in polygraph examinations," and "waive any psychotherapist patient privilege to enable communication between the sex offender management professional and the probation officer . . . ."  Defendant challenges these two conditions on constitutional grounds.  We reject his challenges.

---

[1]        Subsequent statutory references are to the Penal Code unless otherwise specified.

[2]        Defendant objected to these probation conditions on various grounds including vagueness and overbreadth, but the court overruled his objections.

## I. Section 1203.067, Subdivision (b)(3) Condition

Defendant claims that the section 1203.067, subdivision (b)(3) condition requiring that he waive "any privilege against self-incrimination" violates the Fifth Amendment because there is no "assurance to the probationer that his statements will not be used against him in criminal proceedings." On this premise, he contends that this condition is unconstitutionally vague and overbroad. Defendant's contentions fail because his premise is incorrect.

This court recently considered the constitutional validity of this statutorily-mandated condition in *People v. Garcia* (2014) 224 Cal.App.4th 1283 (*Garcia*). "The subdivision (b)(3) probation condition does not force defendant to choose between forfeiting his Fifth Amendment rights, on the one hand, or asserting them and suffering the revocation of his probation. This condition does prohibit defendant from *invoking* any right against self-incrimination and thereby sets the price of invocation at the revocation of probation. By doing so, the condition creates the 'classic' situation where the penalty exception applies. If the state 'asserts that invocation of the privilege would lead to revocation of probation, it would have created the classic penalty situation, the failure to assert the privilege would be excused, and the probationer's answers would be deemed compelled and *inadmissible* in a criminal prosecution.' ([*Minnesota v.*] *Murphy,* [(1984)] 465 U.S. [420,] 435, italics added.) Because the penalty exception will necessarily apply to any statements that defendant makes under the compulsion of the subdivision (b)(3) probation condition, these statements cannot be used against defendant in a criminal proceeding. Hence, the condition cannot result in any Fifth Amendment violation." (*Garcia*, at p. 1294, fn. omitted.)

In *Garcia*, this court rejected Fifth Amendment and overbreadth challenges to the section 1203.067, subdivision (b)(3) condition. (*Garcia*, *supra*, 224 Cal.App.4th at pp. 1297-1298.) The defendant in *Garcia* did not challenge this condition as unconstitutionally vague. However, the analysis in *Garcia* necessarily requires rejection

of both defendant's overbreadth and vagueness challenges to this condition because it eliminates the premise for them. Under *Garcia*, this condition can never result in the use of defendant's statements against him in a criminal proceeding so it is not unconstitutionally vague or overbroad. Indeed, defendant concedes that application of the penalty exception to any statements he makes under the compulsion of this condition eliminates both his vagueness and his overbreadth challenges.

## II. Section 1203.067, Subdivision (b)(4) Condition

Defendant challenges as vague and overbroad the section 1203.067, subdivision (b)(4) condition requiring him to "waive any psychotherapist patient privilege to enable communication between the sex offender management professional and the probation officer . . . ." He claims that this condition violates his constitutional right to privacy. In *Garcia*, this court rejected a privacy-based overbreadth challenge to this condition. "Here, the purpose of the condition is to protect the public and monitor defendant's compliance and the success of his treatment. The condition's waiver requirement is limited to 'enabl[ing] communication between the sex offender management professional and supervising probation officer' while defendant is participating in the sex offender management program. (Subd. (b)(4).) As it does not require defendant to waive his psychotherapist-patient privilege outside of this limited context, it is closely tailored to its purpose." (*Garcia*, *supra*, 224 Cal.App.4th at pp. 1300-1301.) We agree with the analysis in *Garcia* and on that basis reject defendant's overbreadth challenge to this condition.

This court was not faced with a vagueness challenge in *Garcia*. "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and

3

California Constitutions.'"' (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) "In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have '"*reasonable* specificity."'" (*Ibid.*) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]" (*Ibid.*)

Defendant claims that this condition is unconstitutionally vague in two respects. His first claim concerns section 290.09, which mandates that the "sex offender management professional shall communicate with the offender's probation officer or parole agent on a regular basis, but at least once a month, about the offender's progress in the program and dynamic risk assessment issues, and shall share pertinent information with the certified polygraph examiner as required." (§ 290.09, subd. (c).) Defendant claims that the terms "dynamic risk assessment issues" and "as required" are unconstitutionally vague. The focus of a constitutional vagueness contention is on the probationer's ability to understand what is required of him. Even if "dynamic risk assessment issues" and "as required" are vague, neither of these terms describes anything that is required of the probationer. Hence, this aspect of defendant's vagueness argument lacks merit.

Defendant's second vagueness claim is that "waiver" is vague because it "does not inform appellant of the extent of the required waiver." He claims that it is unclear whether the probationer is required to waive his privilege only for probation purposes or must also waive it "for all purposes in all subsequent proceedings" in which his statements may be at issue. In *Garcia*, this court interpreted this waiver to be "limited to 'enabl[ing] communication between the sex offender management professional and supervising probation officer' while defendant is participating in the sex offender

4

management program." (*Garcia*, at pp. 1300-1301.) As so interpreted, the extent of the waiver is not vague. We reject defendant's vagueness challenges to this condition.

### III. Disposition

The order is affirmed.

_____
Mihara, J.

WE CONCUR:

_____
Premo, Acting P. J.

_____
Elia, J.